## TERRILL v. SUPERIOR COURT OF SANTA CLARA COUNTY.*

S. F. No. 2120; March 17, 1900.

60 Pac. 516.

**Indictment — Validity — Statutes — Amendment.**—Penal Code, section 1008, declares that if a demurrer to an information or indictment is allowed, the judgment is final, and a bar to another prosecution, unless the court directs the case to be submitted to "another grand jury." Prior to 1880 the act read, "the same or another grand jury." Held, the words were omitted ex industria, and a submission to the same grand jury was error.

On rehearing. Denied.

BEATTY, C. J.—A rehearing of this case is denied. A comparison of the various sections of the Penal Code cited in the petition for rehearing, which have been amended by the legislature to adapt them to the constitutional provision and statutes authorizing prosecutions by information, warrants a conjecture that the omission of the words "the same or" from section 1008 was, in point of fact, the result of inadvertence. But we are at the same time convinced that we cannot change the law upon a conjecture, however probable, that it contains a provision which the legislature did not intend to insert. We must take the law as it is plainly written, and, if it is mandatory in its terms, we cannot treat it as merely directory. This law says that if the demurrer is allowed, the judgment is final upon the indictment, and is a bar to another prosecution, unless the court directs the case to be submitted to another grand jury; and the very fact that the court in other cases is authorized to submit the case to the "same or another" grand jury requires us to hold, upon accepted rules of construction, that the words "the same or" in this connection were omitted ex industria. To put them back into the statute would be an act of legislation.

We concur: Henshaw, J.; Harrison, J.; Garoutte, J.; Van Dyke, J.

*For former opinion, see ante, p. 398, 60 Pac. 38.